sxb

**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APR ˏ 9 2019

JUDGE ROBERT W. GETTLEMAN
UNITED STATES DISTRICT COURT

United States of America

v.

Jitesh Thakkar

Case No. 18 CR 36

Judge Robert W. Gettleman

## JURY INSTRUCTIONS GIVEN AT TRIAL

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give each of you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

The charges against the defendant are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant committed the crime of spoofing. Spoofing relates to the buying and selling of futures contracts on commodities exchanges, such as, in this case, the Chicago Mercantile Exchange. Spoofing is bidding or offering with the intent to cancel the bid or offer before execution. The defendant has pled not guilty to the charges.

The indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Do not make decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witness were and how much weight you think their testimony deserves.

The defendant has an absolute right not to testify. You may not consider in any way the fact that the defendant did not testify. You should not even discuss it in your deliberations.

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent statements or conduct by the witness.

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

It is proper for an attorney to interview any witness in preparation for trial.

You have heard evidence that before the trial, a witness made a statement that may be inconsistent with his testimony here in court. You may consider an inconsistent statement made before the trial to help you decide how believable a witness' testimony was here in court.

You have heard testimony from Mr. Navinder Sarao who:

- hoped to receive a benefit in return for his testimony and cooperation with the government; and

- has pled guilty to the crimes the defendant is charged with committing.

You may not consider Navinder Sarao's guilty plea as evidence against the defendant. You may give Navinder Sarao's testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

You have heard testimony that the defendant made statements to the FBI. You must decide whether the defendant actually made those statements and, if so, how much weight to give to the statements. In making these decisions, you should consider all of the evidence, including the defendant's personal characteristics and circumstances under which the statements may have been made.

You have heard a witness, namely, Mihran Yenikomshian, who gave opinions and testimony about software development and programming. You do not have to accept this witness' opinions. You should judge this witness' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness' qualifications, how he reached his opinions, and the factors I have described for determining the believability of testimony.

You have heard recorded conversations. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also shown transcripts of the conversations to help you follow the recordings as you listened to them. The recordings are the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned.

I am providing you with the recordings and a device with instructions on its use. It is up to you to decide whether to listen to a recording during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.

If, during your deliberations, you wish to have another opportunity to view any transcripts as you listen to a recording, send a written message to the court security officer, and I will provide you with the transcripts.

Certain summaries were admitted in evidence. You may use those summaries as evidence.

Certain charts were shown to you to help explain other evidence that was admitted. These charts are not themselves evidence or proof of any facts, so you will not have these particular charts during your deliberations. If they do not correctly reflect the facts shown by the evidence, you should disregard the charts and determine the facts from the underlying evidence.

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged.

If the defendant performed acts that advanced the crime but had no knowledge that the crime was being committed or was about to be committed, those acts are not sufficient by themselves to establish the defendant's guilt.

The defendant's association with persons involved in a crime is not sufficient by itself to prove his participation in the crime.

Counts Two and Three charge the defendant with spoofing by aiding and abetting Navinder Sarao's spoofing. The federal anti-spoofing statutes, Title 7, United States Code, Sections 6c(a)(5)(C) and 13(a)(2), make it a crime to knowingly engage in any trading, practice, or conduct on or subject to the rules of a registered entity, that was "spoofing." To establish a criminal violation of the anti-spoofing statute, the government must prove each of the three elements beyond a reasonable doubt:

The first element the government must prove beyond a reasonable doubt is that Navinder Sarao engaged in any trading, practice, or conduct that was "spoofing."

"Spoofing" is defined as bidding or offering with the intent, at the time the bid or offer was placed, to cancel the bid or offer before execution. To find this element satisfied, you must find that the government has proven beyond a reasonable doubt that, at the time Navinder Sarao entered the bid or offer specified in the Count that you are considering, he intended to cancel the entire bid or offer before it was executed, and that he did not place the bid or offer as part of a legitimate, good-faith attempt to execute at least part of that bid or offer. The government must prove that Navinder Sarao had the purpose or conscious desire to cancel his bid or offer before it was executed. It is not, however, sufficient for the government to prove that Navinder Sarao knew or should have known that the consequence – that is, cancellation of the bid or offer before execution – was substantially likely to occur.

The second element the government must prove beyond a reasonable doubt is that Navinder Sarao acted knowingly.

The third element the government must prove beyond a reasonable doubt is that the trading, practice, or conduct occurred on and subject to the rules of a registered entity. A

- 25 -

"registered entity" includes a board of trade that is designated as a contract market under the Commodity Exchange Act.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find that Navinder Sarao violated the anti-spoofing statute, and then you must consider whether the government has proved beyond a reasonable doubt that the defendant aided and abetted Navinder Sarao's spoofing.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find that Navinder Sarao has not violated the anti-spoofing statute, and you should find the defendant not guilty.

Any person who knowingly aids, counsels, commands, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, MySpace, LinkedIn, YouTube, Twitter, Instagram, SnapChat, WhatsApp, Signal, FaceTime, Skype, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury, and include the date and time. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdicts aloud.

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

                v.

JITESH THAKKAR

CASE NUMBER:  18 CR 36

Judge Robert W. Gettleman

## **VERDICT FORM**

We the jury, as to Count Two of the Indictment, find defendant JITESH THAKKAR:

    NOT GUILTY: _____            GUILTY: _____


We the jury, as to Count Three of the Indictment, find defendant JITESH THAKKAR:

    NOT GUILTY: _____            GUILTY: _____

- 31 -